1  FERMAN W. SIMS, ESQ.
   (CSB #038696)
2  519 "H" STREET
   Crescent City, CA 95531
3  Telephone: (707) 465-5555
   Fax:(707) 465-4454
4  Email: simscalaw@yahoo.com
   Attorney for Plaintiff: Stephen Mitchell
5

6                UNITED STATES DISTRICT COURT
7                NORTHERN DISTRICT OF CALIFORNIA
8                     SAN FRANCISCO DIVISION

9  STEPHEN MITCHELL              )  CASE NO.
                                 )
10             Plaintiff,        )
                                 )  COMPLAINT FOR PERSONAL INJURY
11  v.                           )
                                 )
12  DR. HAROLD NEMETZ, OPEN DOOR )
                                 )
13  COMMUNITY HEALTH CENTER, U.S.)
                                 )
14  DEPARTMENT OF HEALTH & HUMAN )
                                 )
15  SERVICES and DOES 1-20 inclusive
16             Defendants.

17        PLAINTIFF ALLEGES:
18  1.   Plaintiff is an individual residing in Del Norte County, California.
19  2.   Plaintiff is ignorant of the true names and capacities of those defendants sued herein as
20       DOES 1 through 20, inclusive and therefore sues those defendants by such fictitious
21       names. Plaintiff will amend this complaint to allege the true names and capacities when
22       ascertained.
23  3.   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named
24       defendants is responsible in some manner for the occurrences herein alleged and that
25       Plaintiff's damages were proximately caused by such defendants.
26  4.   At all times herein mentioned, defendants DOES 1 through 10 were the agents, servants,
27       and employees of the other named Defendants, and were acting at all times within the
28

|   |   |   |
|---|---|---|
| 1 |  | scope of their agency and employment, and with the knowledge and consent of their |
| 2 |  | principal and employer. |
| 3 | 5. | Plaintiff is informed and believes and thereon alleges that Defendant Community Health |
| 4 |  | Center, located and operating at all relevant times mentioned herein in Del Norte County, |
| 5 |  | State of California, was funded in part and under the authority of the Federal Agency, U. |
| 6 |  | S. Department of Health and Human Services. |
| 7 | 6. | At all relevant times mentioned herein, Defendant Dr. Harold Nemetz was a licensed |
| 8 |  | dentist in the State of California, and an employee of the Open Door Community Health |
| 9 |  | Center located in Del Norte County, California. |
| 10 | 7. | On or about 10-18-02 during business hours on said date, Dr. Harold Nemetz, who is |
| 11 |  | employed by the Open Door Community Health Center, provided dental service for |
| 12 |  | claimant who had previous dental services provided by said facility on 09-05-01 where |
| 13 |  | tooth #15 was extracted. On 10-18-02 Dr. Nemetz diagnosed claimant's tooth #2 with a |
| 14 |  | vertical fracture. A consent form was signed to extract #2. Claimant, within a short period |
| 15 |  | of time, was experiencing extensive pain in the same area and confronted Dr. Nemetz as |
| 16 |  | to whether or not he had extracted the wrong tooth. Dr. Nemetz <u>denied</u> this allegation and |
| 17 |  | continued to deny same even when being investigated by the State Dental Board. |
| 18 |  | Subsequent visits to two dental offices could not confirm that a wrong tooth had been |
| 19 |  | extracted due to lack of dental records. Both Dentists confirmed that the #2 tooth was still |
| 20 |  | in place and was vertically fractured. |
| 21 | 8. | As a direct and proximate result of Defendant Dr. Harold Nemetz's negligence as |
| 22 |  | aforesaid, Plaintiff suffered injuries, the extent of which has not been fully determined |
| 23 |  | and Plaintiff will pray leave of this Court to amend this complaint to specify such injuries |
| 24 |  | when they have been ascertained. |
| 25 | 9. | As a direct and proximate result of the injuries, Plaintiff suffered and will continue to |
| 26 |  | suffer pain and physical disability to his general damage according to proof. |
| 27 | 10. | Claimant requested that the Dental Board of California investigate this matter which |
| 28 |  | responded by letter on August 17, 2005 with a form enclosed for claimant to complete |

|   |     |   |
|---|---|---|
| 1 |   | which was submitted on September 12, 2005. On October 24, 2005, a letter was sent |
| 2 |   | advising claimant once the review was completed (estimated as to several months); |
| 3 |   | claimant's case may be mediated, sent to formal investigation, or closed due to lack of |
| 4 |   | evidence. |
| 5 | 11. | On June 27, 2006, a letter was sent to Dr. Harold Nemetz by the Dental Board of |
| 6 |   | California that they had concluded their review of this matter and apologized for the |
| 7 |   | delay in reporting their findings which were as follows: |

"The Board's dental consultant has thoroughly evaluated all available complaint information, including all pertinent dental records. The dental treatment rendered appears to be a departure from the standard of practice in the dental community. Examination of records indicates the patient is confused regarding the tooth number in question. Tooth #15 was extracted on 09-05001. The patient signed consent for the procedure. It does appear that an incorrect tooth was extracted on 10-18-02. You diagnosed #2 with a vertical fracture. A consent form was signed to extract tooth #2. The post-op x-rays reveal that tooth #3 was extracted and tooth #2 was left in tact."

12. Based upon the aforementioned a Claim for Damage, Injury, or Death was submitted on or about January 22, 2007 to the U. S. Department of Health and Human Services, Office of the General Counsel, a copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference.

13. On or about April 2007 Plaintiff received a letter dated March 29, 2007 from Meredith Torres, Attorney for Claims and Employment Law Branch wherein information was provided for an Early Offers Pilot Program and form for Plaintiffs use. Said form was completed and submitted to the appropriate Settlement Depository which did not result in a resolution, a copy of said letter dated March 29, 2007 is attached hereto as Exhibit "B" and incorporated herein by this reference.

14. The Dental Board of California letter dated June 27, 2006 confirmed that Dr. Nemetz was not truthful to the claimant and concealed his malpractice from all parties. Said finding by the State Dental Board justifies claimant's right to file his claim at this date which is within the two year period tolled by Dr. Nemetz's fraudulent conduct and intentional concealment. The investigation and report of the State Dental board further confirms that claimant was confused as to information provided to him by Dr. Nemetz. Said information provided to a lay person fulfilled no other purpose than to deceive and

-3-

   further conceal Dr. Nemetz's wrong doing in that claimant was unable to articulate the true facts to dentists retained to subsequently inspect the damage done without claimant's dental records in their possession for inspection and review.

15.  Claimant has pursued his allegations diligently in order to proceed with filing a claim by consulting with other dentists and except for the continued concealment of facts by Dr. Nemetz even during the investigation by the Dental Board said accrual date would have been discovered earlier rather than within the tolled statutory period for concealment which is substantiated by the documents attached hereto.

16.  Plaintiff contends the accrual date in the instant case is June 27, 2006, under 28 USCS § 2401 (b).

17.  Plaintiff has incurred damages for loss of a non-damaged tooth, the costs for removal of the non-damaged tooth, additional dental procedures to insert two (2) posts and a bridge for corrective purposes, pain and suffering, all according to proof at time of trial.

   WHEREFORE, Petitioner prays judgment against defendants, and each of them, as follows:

  1.  General damages according to proof;

  2.  Special damages according to proof;

  3.  For costs of suit herein incurred; and

  4.  For such other and further relief as the court deems to be proper.

Dated: September __17__, 2007

                FERMAN W. SIMS, Attorney for
                Plaintiff Stephen Mitchell

## VERIFICATION

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

**I have read the foregoing:**

COMPLAINT FOR PERSONAL INJURY

**And know its contents.**

[ x ]  I hereby declare that I am the Plaintiff/Defendant in the above-entitled action; that matter stated in the foregoing are true of my own knowledge except as to those matters which are stated on my information or belief, and as to those matters I believe them to be true.

[  ]  I am one of the attorneys for _____ a party to this action. Such party is absent from the County aforesaid where such attorney has his office, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document, and know its contents. I am informed and believe, and on that ground, allege that the matters stated in it are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed in Camarillo, California on September 17, 2007

_____
STEPHEN MITCHELL

EXHIBIT "A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| U.S. Department of Health & Human Services Office of the General Counsel 330 Independence Ave. S.W. Rm 4760 Cohen Bld. Washington, DC 20201 | Stephen Mitchell C/O FERMAN W. SIMS, ESQ. 519 "H" Street Crescent City, Ca. 95531 |

| 3. TYPE OF EMPLOYMENT MILITARY  CIVILIAN | 4. DATE OF BIRTH 06-27-57 | 5. MARITAL STATUS single | 6. DATE AND DAY OF ACCIDENT 10-18-02 | 7. TIME (A.M. OR P.M) Business hours |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

   ** SEE ATTACHED **

9.                              PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
   N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)
   N/A

10.                         PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

   **SEE ATTACHED NO. 8 attached hereto and incorporated herein by this reference.

11.                              WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| STATE DENTAL BOARD OF CALIFORNIA | 1432 Howe Ave. Ste. 85 Sacramento, CA. 95825 |

12. (See instructions on reverse)                AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | Dental (See Attached No.8) | N/A | (See attached) $28,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| [signature] | (707) 482-1914 | 1-2-07 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108                   NSN 7540-00-634-4046                STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable                                 PRESCRIBED BY DEPT. OF JUSTICE
                                                             28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.

C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

Complete all items -- Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.  No

(Not applicable)

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

19. Do you carry public liability and property damage insurance?   Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)   No

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

ATTACHMENT No. 8

On or about 10-18-02 during business hours on said date, Dr. Harold Nemetz provided dental service for claimant who had previous dental services provided by said doctor on 09-05-01 where tooth #15 was extracted. On 10-18-02 Dr. Nemetz diagnosed claimant's tooth #2 with a vertical fracture. A consent form was signed to extract #2. Claimant, within a short period of time, was experiencing extensive pain in the same area and confronted Dr. Nemetz as to whether or not he had extracted the wrong tooth. Dr. Nemetz <u>denied</u> this allegation and continued to deny same even when being investigated by the State Dental Board. Subsequent visits to two dental offices could not confirm that a wrong tooth had been extracted due to lack of dental records.

Claimant looked to the Dental Board of California to investigate this matter which responded by letter on August 17, 2005 with a form enclosed for claimant to complete which was submitted on September 12, 2005. On October 24, 2005, a letter was sent advising claimant once the review was completed (estimated as to several months); claimant's case may be mediated, sent to formal investigation, or closed due to lack of evidence.

On June 27, 2006, a letter was sent to Dr. Harold Nemetz by the Dental Board of California that they had concluded their review of this matter and apologized for the delay in reporting their findings which were as follows:

> "The Board's dental consultant has thoroughly evaluated all available complaint information, including all pertinent dental records. The dental treatment rendered appears to be a departure from the standard of practice in the dental community. Examination of records indicates the patient is confused regarding the tooth number in question. Tooth #15 was extracted on 09-05001. The patient signed consent for the procedure. It does appear that an incorrect tooth was extracted on 10-18-02. You diagnosed #2 with a vertical fracture. A consent form was signed to extract tooth #2. The post-op x-rays reveal that tooth #3 was extracted and tooth #2 was left in tact."

Based upon this information a letter was sent to Dr. Harold Nemetz. At all relevant times it was the belief that Dr. Nemetz was working for a California State/Del Norte County based organization. Letter to Dr. Nemetz and the State organization. Letter to Dr. Nemetz and the State organization did not produce any information to the contrary nor does claimant have any information whether Dr. Nemetz or his employer transmit claimant's allegation and/or claim form to a Federal agency upon receipt of same.

California Code of Civil Procedure § 340.5 provides in part as follows:
" In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of

>legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. ....
>  For the purposes of this section:
>  (1) "Health care provider" means any person licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and Professions Code, or licensed pursuant to the Osteopathic Initiative Act, or the Chiropractic Initiative Act, or licensed pursuant to Chapter 2.5 (commencing with Section 1440) of Division 2 of the Health and Safety Code; and any clinic, health dispensary, or health facility, licensed pursuant to Division 2 (commencing with Section 1200) of the Health and Safety Code. "Health care provider" includes the legal representatives of a health care provider;
>  (2) "Professional negligence" means a negligent act or omission to act by a proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital. "

The Dental Board of California letter dated June 27, 2006 confirmed that Dr. Nemetz was not truthful to the claimant and concealed his malpractice from all parties. Said finding by the State Dental Board justifies claimant's right to file his claim at this date which is within the one year period tolled by Dr. Nemetz's fraudulent conduct and intentional concealment. The investigation and report of the State Dental board further confirms that claimant was confused as to information provided to him by Dr. Nemetz. Said information provided to a lay person fulfilled no other purpose than to deceive and further conceal Dr. Nemetz's wrong doing in that claimant was unable to articulate the true facts to dentists retained to subsequently inspect the damage done without claimant's dental records in their possession for inspection and review. Claimant was advised verbally by Dr. Wendell Row, DDS on the date the #2 tooth was extracted that it would take 3 corrective surgical procedures at a cost of approximately $18,000.00 to inset two posts and a bridge and $10,000.00 for pain and suffering, for total claims of $28,000.00.

  Claimant has substantiated his allegations diligently in order to proceed with filing a claim by consulting with Dr. Mojgan Arshi who referred claimant to Dr. Wendell Row and except for the continued concealment of facts by Dr. Nemetz and the lengthy delay in receiving confirmation from the State Dental Board said claim would have been filed within the three year statutory period rather than within the tolled one year statutory period for concealment which is substantiated by the documents attached hereto.

  Dr. Arshi's examination revealed that tooth #2 required extraction and referred claimant to Dr. Wendell Row who extracted said tooth #2. Neither dentist had previous dental records to opine as to the procedure of dental work previously administered by Dr. Nemetz.

The Federal Agency is not prejudiced by the filing within the one year period from the date of discovery of said concealment of material facts by Dr. Nemetz (letter dated June 27, 2006 from Dental Board of California and received 1st part of July 2006) and claimant will not be denied a fair and impartial hearing and an independent investigation by the Governmental entity in the public interest for sale and professional treatment.

The purpose of the statute requiring presentation of claims against a governmental entity (Gov C § 911.2) is to give the entity notice and an opportunity to investigate and settle meritorious claims without litigation. The purpose of former Gov. Code § 912 (see now Gov C 946.6) was to relieve persons who were under a disability or excusably neglectful from strict compliance with the notice requirement. Viles v. State (1967) 66 C2d 24, P2nd 818, 1967 Cal Lexis 279.

The legislative intent in the provisions relating to filing of late claims against public entities (Gov C §§ 911.6, 946.6 sub c) was to alleviate the harshness of strict compliance with the claims presentation period for minors, disabled persons, and persons excusably neglectful. Segal v. Southern Cal. Rapid Transit Dist. (1970) 12 CA 3d 509.

Claimant respectfully requests that his claim be accepted based upon the foregoing and processed in due course.

                Respectfully submitted,

                STEPHEN W. MITCHELL

EXHIBIT "B"



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

MAR 2 9 2007

330 Independence Avenue, S.W.
Rm. 4760 Wilbur J. Cohen Federal Building
Washington, DC 20201

Ferman W. Sims, Esquire
Del Norte Title Building
519 "H" Street
Crescent City, CA 95531

RE: **Stephen Mitchell, Claim No. 07-0175**

Dear Mr. Sims:

On behalf of your client, you recently submitted an administrative claim to the U.S. Department of Health and Human Services pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680. Enclosed for your information is a notice regarding the agency's *Early Offers Pilot Program* and a form for your use if you desire to submit an Offer to settle your claim pursuant to the *Early Offers Pilot Program*. If you have any questions regarding the notice on the *Early Offers Pilot Program*, you may call me at (202) 260-9507 or email me at meredith.torres@hhs.gov. If you wish to submit an Early Offer to settle your claim under this Program, please complete, sign, and submit the enclosed form to the Settlement Depository at the following address:

> **Professor David A. Hyman**
> **University of Illinois College of Law**
> **504 East Pennsylvania Avenue**
> **Champaign, Illinois   61820-6909**

Very truly yours,

Meredith Torres, Attorney
Claims and Employment Law Branch

Enclosures