Michael Morrison (CSB # 72022)
Frances K. Greenleaf (CSB # 197937)
**JANSSEN, MALLOY, NEEDHAM, MORRISON,
REINHOLTSEN & CROWLEY, LLP**
730 Fifth Street
P.O. Drawer 1288
Eureka, CA 95501
Telephone: (707) 445-2071
Facsimile:  (707) 445-8305

Attorneys for Defendants
Dr. Harold Nemetz and Open Door
Community Health Center

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MITCHELL, | Case No. C 07 5112 EDL |
| Plaintiff, | **DR. HAROLD NEMETZ AND OPEN DOOR COMMUNITY HEALTH CENTERS' ANSWER TO COMPLAINT FOR PERSONAL INJURY** |
| v. | |
| DR. HAROLD NEMETZ, OPEN DOOR COMMUNITY HEALTH CENTER, U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES and DOES  1-20 inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| _____/ | |

## ANSWER

Defendants DR. HAROLD NEMETZ AND THE OPEN DOOR COMMUNITY

HEALTH CENTERS ("Defendants"), by and through counsel, hereby answer plaintiff

STEPHEN MITCHELL'S Complaint for Personal Injury ("Complaint") for themselves

and no others as follows:

1.      Answering paragraph 1 of the Complaint, Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations, and on that

basis deny each and every allegation contained therein.

ANSWER TO COMPLAINT FOR PERSONAL INJURY                                    1

2.      Answering paragraph 2 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

3.      Answering paragraph 3 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

4.      Answering paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

5.      Answering paragraph 5 of the Complaint, Defendants admit that the Open Door Community Health Centers at all times mentioned in the Complaint operated the Del Norte Community Health Center in Del Norte County, State of California and that the Open Door Community Health Centers at all times mentioned in the Complaint were funded in part by the United States Department of Health and Human Services.

6.      Answering paragraph 6 of the Complaint, Defendants admit that at all times mentioned in the Complaint that Dr. Harold Nemetz was a licensed dentist in the State of California and an employee of the Del Norte Community Health Center located in Del Norte County, California.

7.      Answering paragraph 7, sentence one, Defendants admit that on October 18, 2002, Dr. Nemetz, who is employed by the Del Norte Community Health Center, provided dental treatment to plaintiff Stephen Mitchell who had previous dental services provided by the Del Norte Community Health Center on September 5, 2001 and that on September 5, 2001 tooth #15 was extracted.  Answering paragraph 7, sentence two, Defendants admit that the medical records indicate that on October 18, 2002 Dr. Nemetz diagnosed plaintiff Stephen Mitchell's tooth # 2 with a vertical fracture.  Answering paragraph 7, sentence three, Defendants admit that on October 18, 2002, plaintiff Stephen Mitchell signed a consent form for "ext #2."  Answering paragraph 7, sentences four, five, six and seven, Defendants are without sufficient knowledge or information to form a

1  belief as to the truth of the allegations, and on that basis deny each and every allegation
2  contained therein.

3      8.    Answering paragraph 8, Defendants deny each and every allegation.

4      9.    Answering paragraph 9, Defendants deny each and every allegation.

5      10.   Answering paragraph 10, Defendants are without sufficient knowledge or
6  information to form a belief as to the truth of the allegations, and on that basis deny each
7  and every allegation contained therein.

8      11.   Answering paragraph 11, Defendants admit that the Dental Board of
9  California sent a letter dated June 27, 2006 to Dr. Harold Nemetz containing the language
10 the language in quotes in the Complaint paragraph 11, except that "09-05001" in sentence
11 four of the quote actually appears as "9-5-01" and that sentence seven of the quote
12 actually reads "You diagnosed tooth #2 with a vertical fracture."

13     12.   Answering paragraph 12, Defendants admit that an Exhibit "A" is attached
14 to the Complaint.  Defendants are without sufficient knowledge or information to form a
15 belief as to the truth of the remaining allegations of paragraph 12, and on that basis deny
16 each and every other allegation contained therein.

17     13.   Answering paragraph 13, Defendants admit that an Exhibit "B" is attached
18 to the Complaint.  Defendants are without sufficient knowledge or information to form a
19 belief as to the truth of the remaining allegations of paragraph 13, and on that basis deny
20 each and every other allegation contained therein.

21     14.   Answering paragraph 14, Defendants deny each and every allegation.

22     15.   Answering paragraph 15, Defendants deny each and every allegation.

23     16.   Answering paragraph 16, Defendants admit that plaintiff contends in the
24 Complaint that the accrual date in the instant case is June 27, 2006 under 28 USCS
25 §2401(b) but Defendants deny that the accrual date in the instant case is June 27, 2006
26 under 28 USCS §2401(b).

27     17.   Answering paragraph 17, Defendants are without sufficient knowledge or
28 information to form a belief as to the truth of the allegations, and on that basis deny each

1    and every allegation contained therein.

2    **AFFIRMATIVE DEFENSES**

3    FIRST AFFIRMATIVE DEFENSE

4    1.    AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

5    to the Complaint, Defendants allege that the complaint fails to state a cause of action.

6    SECOND AFFIRMATIVE DEFENSE

7    2.    AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

8    DEFENSE to the Complaint, Defendants allege that the Complaint does not state facts

9    sufficient to constitute a cause of action in that the alleged cause of action is barred by the

10   statute of limitations under California law.  CCP §§340, 340.5 and 364.

11   THIRD AFFIRMATIVE DEFENSE

12   3.    AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

13   to the Complaint, Defendants allege that the Complaint does not state facts sufficient to

14   constitute a cause of action in that the alleged cause of action is barred by the applicable

15   statute of limitations under the Federal law or the Federal Tort Claims Act.

16   FOURTH AFFIRMATIVE DEFENSE

17   4.    AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

18   DEFENSE, to the Complaint, Defendants allege that the Complaint does not state facts

19   sufficient to state a claim that further the cause of action is barred by plaintiff's failure to

20   follow all applicable claim requirements of the Federal Tort Claims Act.

21   FIFTH AFFIRMATIVE DEFENSE

22   5.    AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

23   to the Complaint, Defendants allege that if it should be found that there was damage to

24   plaintiff resulting from any negligent act in connection with the subject matter of the

25   Complaint, that plaintiff's damages, if any, were caused by the negligent acts of the

26   plaintiff and individual(s), persons, firms, corporations or entities, other than the

27   Defendants, that comparatively reduces the percentage of any liability on the part of these

28   Defendants, if it should be found that these answering defendants are negligent or liable,

ANSWER TO COMPLAINT FOR PERSONAL INJURY                                    4

1    as alleged in the Complaint, which liability these Defendants have denied and expressly

2    do deny.

3                           SIXTH AFFIRMATIVE DEFENSE

4          6.    AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

5    to the Complaint, the Defendants allege that at all times relevant to the Complaint, and on

6    or before the dates of the incident alleged in the Complaint, each and every risk or danger

7    proximately causing or contributing to the alleged occurrence or damages complained of,

8    if there actually were any, was voluntarily and/or knowingly assumed by the plaintiff.

9                          SEVENTH AFFIRMATIVE DEFENSE

10          7.    AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

11   DEFENSE to the Complaint, in the event the Defendants are found to be liable, which is

12   expressly herein denied, the liability of the Defendants is limited by reason of CC

13   §1431.2.

14                          EIGHTH AFFIRMATIVE DEFENSE

15          8.    AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE

16   DEFENSE to the Complaint, Defendants allege that in the event the Defendants are found

17   liable, which Defendants deny and state merely for the purpose of this affirmative

18   defense, Defendants may elect to introduce evidence of any amount paid or payable, if

19   any, as a benefit to plaintiff and claim credit pursuant to CC §3333.1.

20                           NINTH AFFIRMATIVE DEFENSE

21          9.    AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

22   to the Complaint, Defendants allege that in the event the Defendants are found to be

23   liable, which Defendants deny and state merely for the purpose of this affirmative

24   defense, the damages for non-economic losses shall not exceed the amount specified in

25   CC §3333.2.

26                           TENTH AFFIRMATIVE DEFENSE

27          10.   AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

28   to the Complaint, Defendants allege that in the event Defendants are found liable, which

1   Defendants deny and state merely for the purposes of this affirmative defense, Defendants

2   may elect to have future damages, if in excess of the amount specified in CCP §667.7,

3   paid in full or in part as specified in CCP §667.7.

4   ELEVENTH AFFIRMATIVE DEFENSE

5        11.    AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

6   DEFENSE to the Complaint, Defendants allege that plaintiff has and continues to fail and

7   refuses to exercise a reasonable effort to mitigate any damages.

8   TWELFTH AFFIRMATIVE DEFENSE

9        12.    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

10  Defendants allege that plaintiff's action herein is barred by the doctrine of laches,

11  estoppel, and waiver.

12  THIRTEENTH AFFIRMATIVE DEFENSE

13       13.    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE to

14  the Complaint, Defendants allege that they were acting within the scope of their

15  employment at a federally funded health care center, or as a federally funded health care

16  center at all times relevant to plaintiff's claims.  Pursuant to the Federally Supported

17  Health Centers Act, 42 U.S.C. §233(g)-(n) all of the Defendants are covered under the

18  Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80.  The

19  Secretary of Health and Human Services has deemed Open Door Community Health

20  Center eligible for FTCA coverage pursuant to the Federally Supported Health Centers

21  Assistance Act, 42 U.S.C §233(g)-(n).  Pursuant to that authority, and upon proper service

22  to the United States Government, the United States Government will be substituted for

23  the Defendants in this matter and the matter will proceed as an action solely against the

24  United States of America pursuant to 28 U.S.C. §1346(b) subject to the limitations and

25  exceptions applicable to those actions.  28 U.S.C. §2679(d)(4).  Therefore, Defendants

26  specifically reserve all affirmative defenses that can be raised by the United States

27  Government.

28  / / /

1  
FOURTEENTH AFFIRMATIVE DEFENSE

2  _____14.    AS A FOURTEENTH, SEPARATE AFFIRMATIVE DEFENSE, Plaintiff

3  fails to state a claim upon which relief may be granted.

4  
FIFTEENTH AFFIRMATIVE DEFENSE

5  15.    AS FIFTEENTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants

6  did not breach a recognizable duty owed to plaintiff.

7  
SIXTEENTH AFFIRMATIVE DEFENSE

8  16.    AS A SIXTEENTH, SEPARATE AFFIRMATIVE DEFENSE, in the event

9  that Defendants are found negligent, which negligence Defendants deny, such negligence

10  is not the cause in fact or proximate cause of alleged damages suffered by plaintiff.

11  
SEVENTEENTH AFFIRMATIVE DEFENSE

12  17.    AS A SEVENTEENTH, SEPARATE AFFIRMATIVE DEFENSE, the

13  injuries and/or damages alleged in the Complaint were not proximately caused by a

14  negligence or wrongful act or omission of an employee or a contractor of the United

15  States, acting within the scope of his or her employment or within the scope of the

16  contract.

17  
EIGHTEENTH AFFIRMATIVE DEFENSE

18  18.    AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

19  attorneys fees are taken out of the judgment or settlement at a rate determined and

20  governed by statute.  28 U.S.C. §2678.

21  
NINETEENTH AFFIRMATIVE DEFENSE

22  19.    AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

23  Defendants are not liable for interest prior to judgment or punitive damages.  28 U.S.C.

24  §2674.

25  
TWENTIETH AFFIRMATIVE DEFENSE

26  20.    AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, any

27  recovery by plaintiff is subject to the availability of appropriated funds.  42 U.S.C.

28  §233(k).

ANSWER TO COMPLAINT FOR PERSONAL INJURY                                7

1

TWENTY-FIRST AFFIRMATIVE DEFENSE

2          21.    AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

3   plaintiff's right to sue the United States is limited to the extent of waiver of sovereign

4   immunity and the administrative requirements set forth in the Federal Tort Claims Act, 28

5   U.S.C. §2671 *et seq*.

6

TWENTY-SECOND AFFIRMATIVE DEFENSE

7          22.    AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE

8   DEFENSE, plaintiff is not entitled to a trial by jury under 28 U.S.C. §2402.

9

TWENTY-THIRD AFFIRMATIVE DEFENSE

10          23.    AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

11   plaintiff is limited to the damages amount set forth in the administrative claim.  28 U.S.C.

12   §2675(b).

13

TWENTY-FOURTH AFFIRMATIVE DEFENSE

14          24.    AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE

15   DEFENSE, plaintiff's contributory negligence bars recovery.

16

TWENTY-FIFTH AFFIRMATIVE DEFENSE

17          25.    AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

18   the negligence of third parties reduces or bars plaintiff's recovery.

19

TWENTY-SIXTH AFFIRMATIVE DEFENSE

20          26.    AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21   Defendants acted at all times within the applicable standard of care.

22

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

23          27.    AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE

24   DEFENSE, third party conduct was a superceding, intervening cause of any damages

25   claimed by plaintiff.

26   / / /

27   / / /

28   / / /

1    <u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

2    28.    AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE

3    DEFENSE, some or all of plaintiff's claims are barred by the applicable statute of

4    limitations.

5    <u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

6    29.    AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

7    some or all of plaintiff's claims are so speculative in nature that they should be dismissed.

8    Defendants assert that they have, or may have, additional affirmative defenses

9    which are not known to Defendants at this time, but which may be ascertained through

10    discovery.  Defendant specifically preserves those and other affirmative defense as they

11    are ascertained through discovery.

12    **WHEREFORE**, Defendants pray that plaintiff's Complaint be dismissed, that

13    Defendants be awarded costs of suit incurred herein, and for such other and further relief

14    as the court deems just and proper.

15    Dated:  December 17, 2007          JANSSEN, MALLOY, NEEDHAM, MORRISON,
                                         REINHOLTSEN & CROWLEY, LLP
16

17                                       By: _____/s/_____
                                            Frances K. Greenleaf
18                                          Michael Morrison
                                            Attorneys for Dr. Harold Nemetz and
19                                          Open Door Community Health Center

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT FOR PERSONAL INJURY                                    9