JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    Facsimile:  (415) 436-6748
    E-mail:   melissa.k.brown@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>DR. HAROLD NEMETZ, OPEN DOOR COMMUNITY HEALTH CENTER, U.S. DEPARTMENT OF HEATH & HUMAN SERVICES and DOES 1-20 inclusive<br><br>    Defendant. | No. C 07-5112 CW<br><br>**FEDERAL DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: March 6, 2008<br>Time: 2:00 p.m<br>Location: Courtroom 2, 4th Floor<br>Honorable Claudia Wilken |

### **NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 6, 2008 at 2:00 p.m. in Courtroom 2, located on the 4th Floor of 1301 Clay Street, Oakland, California 94612, the defendant United States of America ("Federal Defendant") will move this Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for an order dismissing the Complaint in this action with prejudice due to lack of subject-matter jurisdiction.

This motion is based upon this notice, the following memorandum of points and authorities, the pleadings and papers on file in this action, the reply and such oral argument as the Court may permit.

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. INTRODUCTION

By his complaint Plaintiff Stephen Mitchell ("Plaintiff") seeks to hold the Federal Defendant liable for a tooth extraction that took place more than five years ago. Plaintiff claims that on October 18, 2002, Dr. Harold Nemetz DDS ("Dr. Nemetz") while working for the Open Door Community Health Centers, Inc., removed the incorrect tooth. Plaintiff claims that he confronted Dr. Nemetz "shortly" after the extraction. He further contends that the two-year statute of limitations set forth in the Federal Tort Claims Act 28 U.S.C. § 2671 *et seq*. ("FTCA") should be tolled and he should be allowed to proceed in district court more than five years after the alleged injury. However, Plaintiff was fully aware of the extent of his injury years before he filed suit. Plaintiff simply failed to exercise reasonable diligence and should not be allowed to avoid the statute of limitations.

Dr. Nemetz, is an employee of the Open Door Community Health Centers, Inc., which is a federally deemed health center under the Federally Supported Health Centers Assistant Act ("FSHCAA"). 42 U.S.C. § 233 (g)-(n). Pursuant to the FSHCAA, a deemed health center and its employees are covered under the FTCA for alleged acts of negligence while acting within the course and scope of their employment. Plaintiff alleges that Dr. Nemetz was acting within the course and scope of his employment.[2] Accordingly, the FTCA provides the exclusive remedy for Plaintiff's claim.

The FTCA establishes the federal government's waiver of sovereign immunity with respect to tort claims. A condition of that waiver is compliance with the statute of limitations. Under the FTCA, compliance is jurisdictional. Pursuant to the FTCA, a putative plaintiff must file an administrative action within two years of the alleged injury or in the case of medical malpractice within two years of the date of discovery or the date that the injury should have been discovered by a reasonable person. In this case that date is as early as October 18, 2002, but in

---

[2] Defendant also submits Certification Pursuant to 28 U.S.C. § 2679(d). See Ex. 1. Consequently, the United States is the only proper defendant in this action and is substituted in by operation of statute.

FEDERAL DEFENDANT'S MOTION TO DISMISS CASE NO. C 07-5112 CW

2

any event no later than September 14, 2004. Plaintiff, however, did not file his administrative claim until February 2, 2007.

Plaintiff's delay in filing suit is inexcusable. In addition to his allegation that he confronted Dr. Nemetz hours after his alleged injury, correspondence prepared by Plaintiff's counsel shows that Plaintiff (and his counsel), knew the extent of his injuries, estimated damages, and the proposed corrective procedures prior to September 14, 2004, but failed to file a claim.[3]

Because Plaintiff was aware of his injury and its source many years before he filed suit, his claim is time-barred. Accordingly, Plaintiff's complaint must be dismissed with prejudice.

## II. RELIEF SOUGHT

The moving party seeks an order dismissing this action with prejudice due to lack of subject-matter jurisdiction because Plaintiff's claim is time-barred under the FTCA.

## III. ISSUES PRESENTED

Whether Plaintiff's complaint should be dismissed with prejudice due to a lack of subject-matter jurisdiction, because he waited nearly five years, after his claim accrued to file suit, which is well beyond the two-year statute of limitations provided by the FTCA, which provides the exclusive waiver of sovereign immunity for tort claims by the United States.

## IV. STATEMENT OF FACTS

On October 18, 2002, Plaintiff arrived at the Open Door Community Health Centers, Inc. to have a tooth extracted. Complaint at ¶7. Plaintiff claims that he signed a consent form for the removal of tooth #2, but that Dr. Nemetz removed another tooth instead. Id. Plaintiff alleges that "within a short period of time" he contacted Dr. Nemetz because he was experiencing "extensive pain." Id. He claims that he "confronted Dr. Nemetz as to whether or not he had extracted the wrong tooth." Id. Specifically, on October 18, 2002, Plaintiff accused Dr. Nemetz of incorrectly

---

[3] Moreover, Plaintiff cannot rely on the investigation conducted by the Dental Board of California ("Dental Board") to excuse his delay in filing suit. Plaintiff waited more than three years after his injury before he contacted the Dental Board, but he could have sought the assistance of the Dental Board as early as October 2002. It is well-settled that a plaintiff need not know all of the facts and circumstances surrounding his claim before he files suit. Therefore, Plaintiff did not need the Dental Board to complete its investigation before filing his law suit.

FEDERAL DEFENDANT'S MOTION TO DISMISS CASE NO. C 07-5112 CW

1  removing tooth No. 15, but Dr. Nemetz denied that allegation[4]. Id. About a week later, on
2  October 25, 2002, Plaintiff requested his pre-operative x-rays from Open Door Community
3  Health Centers, Inc. In addition to requesting his pre-operative x-rays, Plaintiff received his post-
4  operative x-rays from Dr. Mojgan Arshi DDS ("Dr. Arshi") on or about October 25, 2002, and
5  apparently delivered those x-rays to the Open Door Community Health Centers. Peters at ¶¶ 2 &
6  3, Ex. A. The post-operative x-rays clearly depict, which tooth had been removed by Dr.
7  Nemetz. After the October 18, 2002 extraction, Plaintiff was examined by two other dentists, Dr.
8  Arshi and Dr. Wendell Row ("Dr. Row") examined Plaintiff. Complaint at ¶¶7 &12; Peters Decl.
9  at ¶3. Plaintiff claims that neither dentist could confirm that the wrong tooth had been extracted,
10 however "[b]oth Dentists confirmed that the #2 tooth was *still* in place and was vertically
11 fractured." Id. (emphasis added). Although Plaintiff omits the dates of these dental examinations
12 from his complaint, based upon documents incorporated into the complaint by reference and
13 those submitted by declaration, these examinations took place sometime *prior* to **September 14,**
14 **2004.**[5] Complaint at ¶ 12 and Peters Decl. at ¶¶ 3 & 4.

15     Indeed, on or about September 14, 2004, Plaintiff's counsel Ferman Sims sent
16 correspondence to Dr. Row stating, "This office has been consulted by Mr. Stephen Mitchell
17 regarding dental services previously rendered by Dr. Harold Nemetz...Mr. Mitchell informs us
18 that the purpose of the visit to Dr. Nimitz [sic] was to a [sic] fractured tooth removed. ***He***
19 ***informs us that the wrong tooth was removed in error at that visit***." Peters Decl. at ¶ 4, Ex. B
20 (emphasis added). The September 14, 2004, correspondence was forwarded to Open Door
21 Community Health Centers with an authorization for the release of Plaintiff's x-rays. Id. Clearly,

---

[4] Indeed, Dr. Nemetz was correct to deny removing tooth No. 15 because tooth No.15 had been removed a year earlier by another doctor at the Open Door Community Health Centers, Inc. Declaration of Christopher Peters at ¶ 7, Ex. E.

[5] Plaintiff incorporates by reference into his complaint a document titled "Attachment No 8." Complaint at ¶12. The second page of that document states, "Claimant was advised verbally by Dr. Wendell Row, DDS on the date #2 tooth was extracted that it would take 3 corrective surgical procedures at a cost of approximately $18,000.00 to inset two posts and a bridge and $10,000.00 for pain and suffering, for total claims of $28,000.00" Id. Correspondence signed by Plaintiff's counsel Ferman Sims addressed to Dr. Row, indicates that Dr. Row had informed Plaintiff of the alleged injuries and costs referenced in "Attachment No. 8" on or before September 14, 2004. Peters Decl. at ¶ 4, Ex. B.

FEDERAL DEFENDANT'S MOTION TO DISMISS CASE NO. C 07-5112 CW

by September 14, 2004, Plaintiff believed that he suffered an injury due to the negligence of Dr. Nemetz and had already contacted other dentists to receive a diagnosis. Id.

Despite knowing the alleged cause and extent of his injuries, Plaintiff waited until February 2, 2007, more than four years after the alleged injury occurred and two and a half years after Plaintiff sought treatment for that alleged injury, to file a claim with the Department of Health and Human Services.[6] On September 28, 2007, Plaintiff's claim was denied because he failed to comply with the statute of limitations for filing an administrative claim.

In light of all of the information available to Plaintiff years before he filed his claim, there is absolutely no basis for tolling the statute of limitations in this case. Because Plaintiff's claim is time-barred, it should be dismissed with prejudice for lack of subject-matter jurisdiction.

## V. ARGUMENT

**A. Legal Standards**

Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject-matter jurisdiction of the court. *See e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject-matter jurisdiction. *Id.* at 1039 n.2. "[A] motion to dismiss for lack of subject-matter jurisdiction may either attack the allegations of the complaint or may be made as 'speaking motion' attacking the existence of subject-matter jurisdiction in fact." Thornhill Publishing Co. v. General Telephone & Elec., 594

---

[6]On July 11, 2005, Plaintiff's counsel sent Dr. Nemetz a letter threatening legal action. Peters Decl. at ¶6, Ex. D. However, this letter does not save Plaintiff's claim for two reasons. First, July, 11, 2005, was more than two years after Plaintiff's alleged injury and beyond the two-year statute of limitations. Second, this letter was not submitted to the Department of Health and Human services, which is the proper agency to file an administrative complaint, in this instance under the FTCA. Exhaustion of administrative remedies is required and jurisdictional and cannot be waived. 28 U.S.C. § 2675(a); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992)(holding that the FTCA exhaustion requirements are jurisdictional in nature and cannot be waived).

1  F.2d 730, 733 (9th Cir. 1979).

2  When a challenge to subject-matter jurisdiction is made as a speaking motion, a court may consider extrinsic evidence such as affidavits to resolve a factual dispute regarding subject-matter jurisdiction. <u>Mayes v. Fujimoto</u>, 181 F.R.D. 453, 455 (D. Hawaii 1998)  Moreover, "the consideration of such evidence does not convert a motion to dismiss into one for summary judgment nor does it go to the merit of the claim." <u>Id</u>. at 455.  Finally, "where a motion to dismiss is a 'speaking motion' no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject-matter jurisdiction." <u>Id</u>.

**B. Under The FTCA, Failure To Comply With the Statute Of Limitations Is A Jurisdictional Defect.**

As an initial matter, a plaintiff's failure to comply with the statute of limitations is a jurisdictional defect, which divests the court of subject-matter jurisdiction.  The federal government can only be sued to the extent it has waived its sovereign immunity.  The FTCA is a waiver of sovereign immunity with respect to tort claims brought against the federal government, its agencies and employees.  However, that waiver of sovereign immunity is conditioned upon a plaintiff's compliance with the statue of limitations. <u>United States v. Kubrick</u>, 444 U.S. 111, 117-118 (1979) (finding, that compliance with the FTCA's statute of limitations is a condition of the waiver of the federal government's sovereign immunity).  In the Ninth Circuit, a plaintiff's failure to comply with the statue of limitations provision of the FTCA defeats subject-matter jurisdiction. <u>Zavala v. United States</u>, 876 F.2d 780, 782 (9th Cir. 1989) (stating, "Failure to file a timely [FTCA] claim is a jurisdictional defect." citing <u>Landreth</u> <i>infra</i>).

The statute of limitations under the FTCA is clear and provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail, of the notice of the final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Moreover, "the purpose of the two-year limitation provision of section 2401(b) is to encourage the expeditious disposition of claims." <u>Landreth v. United States</u>, 850

FEDERAL DEFENDANT'S MOTION TO DISMISS CASE NO. C 07-5112 CW

1 F.2d 532, 535 (9th Cir. 1988).

2     The allegations in the complaint, along with the extrinsic evidence clearly show that the
3 district court lacks subject-matter jurisdiction over Plaintiff's claim because it was filed more than
4 two years after his injuries accrued.

5     **C.  Plaintiff's Claim Is Time-Barred.**

6     Plaintiff's medical malpractice claim accrued on or about October 18, 2002 and in any
7 event no later than September 14, 2004. Complaint at ¶7; Peters Decl. at ¶ 4 Ex. B.  Because
8 Plaintiff did not file his claim with the Department of Health and Human Services until February
9 2007, his claim is time-barred.

10     A medical malpractice claim under the FTCA "accrues when the plaintiff discovers, or in
11 the exercise of reasonable diligence should have discovered, the injury and its cause." Landreth,
12 850 F.2d at 533 (affirming dismissal of plaintiff's claim as time-barred).  A "plaintiff need not be
13 aware that an actionable claim exists as long as [he] is aware of the injury and its probable cause."
14 Id.(citing, Kubrick *supra*). Moreover, the cause of an injury is known when "the immediate
15 physical cause of the injury is discovered." Outman v. United States, 890 F.2d 1050, 1052 (9th
16 Cir. 1989).  Accordingly, Plaintiff's claim accrued on or about October 18, 2002, and at the latest
17 by September 14, 2004. Under either date his claim is untimely and barred by the two-year statute
18 of limitations. 28 U.S.C. § 2401(b).

19     1.   The October 2002 Accrual Date

20     According to the complaint, Plaintiff knew of his injury and its probable cause on October
21 18, 2002 just hours after the procedure was performed when he confronted Dr. Nemetz about
22 removing the wrong tooth. Complaint at ¶7.  Arguably, then Plaintiff's claim accrued on October
23 18, 2002. Cf. Trupei v. United States, Civ. No. 503CV100OC10GRJ, 2005 WL 2372159 *4
24 (M.D. Fla. Sept. 27, 2005) (finding that the plaintiff who brought suit for dental malpractice,
25 discovered his injury when his tooth infection manifested).  Plaintiff, however, asserts that the
26 statute of limitations should be tolled because Dr. Nemetz denied removing the wrong tooth.
27 Complaint at ¶ 7. Assuming *arguendo* that Dr. Nemetz's denial tolled the statute of limitations, it

28

was only effective until on or about October 25, 2002, at which point plaintiff had his post-operative x-rays and with reasonable diligence could have confirmed his suspicions regarding his tooth extraction. Peters Decl. at ¶ 3. Review of Plaintiff's x-rays by another dentist would have revealed that tooth No. 2 was still intact after his procedure on October 18, 2002.[7] Accordingly, on October 25, 2002 or shortly thereafter, with exercise of reasonable diligence Plaintiff should have been able to discover the cause of his alleged injury. Because Plaintiff did not file his claim until more than four years after his claim accrued in October 2002, it is barred by the statute of limitations. Outman, 890 F.2d at 1052.

        2.    The September 14, 2004 Accrual Date.

Alternatively, Plaintiff's cause of action accrued no later than September 14, 2004, after he received a second and third opinion related to his injury and obtained legal counsel. Complaint at ¶ 12; Peters Decl. at ¶ 4. When deciding statute of limitation issues in medical malpractice cases, courts often use two dates the date of the actual injury as discussed above, or an alternative date which is based the date at which a plaintiff has *actual* knowledge of both his injury and its cause. Kubrick, 444 U.S. at 122-123; see also Outman, 890 F.2d at 1052. Even if the latter standard is applied, Plaintiff's claim fails.

Here, Plaintiff had actual knowledge of his injury, its cause, and his estimated damages no later than September 14, 2004. Complaint at ¶ 12; Peters Decl. at ¶4, Ex. B. In fact, by September 14, 2004, Plaintiff had been examined by Dr. Arshi and Dr. Row, and Dr. Row not only informed Plaintiff that tooth No. 2 was still intact, but also allegedly told him that he would need three surgical procedures at a cost of $18,000 once tooth No. 2 was extracted. Complaint at ¶ 12; Peters Decl. at ¶ 3 & 4. Dr. Row's diagnosis was sufficient to start the clock on Plaintiff's FTCA claim.

---

[7] The fact that another dentist could have discovered plaintiff's injury by relying on his x-rays is bolstered by the fact that the Dental Board relied on Plaintiff's "post-op-x-rays" to reach its conclusion that Dr. Nemetz had removed tooth No. 3 instead of tooth No. 2. Peters Decl. at ¶5 Ex. C. However, it was not necessary to await review by the Dental Board and indeed Plaintiff's consultation with Dr. Arshi prior to October 25, 2002 and Dr. Row prior to September 14, 2004 revealed his injury.

FEDERAL DEFENDANT'S MOTION TO DISMISS CASE NO. C 07-5112 CW

1  Landreth, 850 F.2d at 534 (finding the statute of limitations began to run when doctor diagnosed
2  cause of injury); see also Trupei v. United States, Civ. No. 503CV100OC10 GRJ, 2005 WL
3  2372159 *4 (M.D. Fla. Sept. 27, 2005) (finding claim time-barred where it accrued when patient
4  consulted with second dentist who diagnosed cause of injury and not at a later date).  However,
5  Plaintiff waited until February 2, 2007, more than two and a half years later, to file a claim with
6  the Department of Health and Human Services.  Armed with actual knowledge of his injury and
7  its cause by September 14, 2004, Plaintiff simply cannot excuse his delay. Accordingly, the
8  complaint should be dismissed with prejudice.

**D. Dr. Nemetz's alleged "fraudulent concealment" was revealed to Plaintiff No Later Than September 14, 2004, Once He Received Diagnoses from Doctors Row and Arshi.**

Plaintiff claims that his cause of action is timely because the statute of limitation should be tolled due to Dr. Nemetz's alleged fraudulent concealment. Specifically, on October 18, 2002, Plaintiff accused Dr. Nemetz of incorrectly removing tooth No. 15, and Dr. Nemetz allegedly denied this assertion. Complaint at ¶ 7.  Plaintiff relies on Dr. Nemetz's denial as the basis of his fraudulent concealment claim.  As an initial matter, it is debatable that Dr. Nemetz's denial constitutes fraudulent concealment because it was in fact true *i.e.* Dr. Nemetz did not remove tooth No. 15. Peters Decl. at ¶7, Ex. E. But assuming *arguendo* that denial resulted in concealing Plaintiff's claim; the truth was revealed to Plaintiff no later than September 14, 2004, and therefore any equitable tolling would end on that date.

It is well-settled that the statue of limitations can only be tolled on the basis of fraudulent concealment, during the period of time which the concealment continues. Cole v. Kelley, 438 F. Supp. 129, 138 (C.D. Cal. 1977).  Indeed, "the tolling of the statute of limitations by fraudulent concealment ends when the plaintiff acquires knowledge, or could it by the exercise of due diligence, that he may have a potential claim." Id. at 139.

Here, Plaintiff could have discovered that he had a potential claim as early as October 25, 2002 had he exercised due diligence.  As discussed above, on or about October 25, 2002 Plaintiff had his post-operative x-rays, which would have revealed his alleged injury.  Reviewing his x-

FEDERAL DEFENDANT'S MOTION TO DISMISS CASE NO. C 07-5112 CW

9

rays, would have evinced the fact that tooth No. 3 instead of tooth No. 2 had been removed.

Moreover, Plaintiff consulted with two other dentists, Dr. Arshi and Dr. Row, both of whom confirmed that tooth No. 2 was still intact on or before September 14, 2004. Complaint at ¶12, Ex. B; Peters Decl. at ¶¶ 3 & 4, Ex. B.  Plaintiff's consultations with these dentists belies any fraud that Dr. Nemetz purportedly committed.  Accordingly, any equitable tolling that may have been allowed by Dr. Nemetz's alleged fraudulent concealment ended on or about October 25, 2002 and in any event no later than September 14, 2004.  Both dates fall well outside of the FTCA's two-year statute of limitations; therefore, Plaintiff's claim is time-barred and should be dismissed with prejudice.

## VI.  CONCLUSION

The Court should dismiss Plaintiff's Complaint with prejudice.

DATED: January 30, 2008

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney
/s/

_____
MELISSA K. BROWN
Assistant United States Attorney

FEDERAL DEFENDANT'S MOTION TO DISMISS CASE NO. C 07-5112 CW
10