FERMAN W. SIMS, ESQ.
(CSB #038696)
519 "H" STREET
Crescent City, CA 95531
Telephone: (707) 465-5555
Fax: (707) 465-4454
Email: simscalaw@yahoo.com
Attorney for Plaintiff: Stephen Mitchell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN MITCHELL<br><br>Plaintiff,<br><br>v.<br><br>DR. HAROLD NEMETZ, OPEN DOOR COMMUNITY HEALTH CENTER, U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES and DOES 1-20 inclusive<br><br>Defendants. | CASE NO.   C 07-5112 CW<br><br>**OPPOSITION TO FEDERAL DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>Date: March 6, 2008<br>Time 2:00 PM<br>Location: Hon. Claudia Wilken<br>Courtroom 2  4th Floor<br>1301 Clay Street,<br>Oakland, CA 94612-5212 |

Pursuant to Local Rule 6-3(c), plaintiffs hereby oppose defendants' Motion Motion to Dismiss.

The Motion seeks to dismiss the Complaint in this action with prejudice due to lack of subject matter jurisdiction filed by Plaintiff Stephen Mitchell. This Motion should be denied because defendants have failed to provide good cause in support of their request

1.

**Factual Background**

Plaintiff Mitchell maintains his home in Del Norte County, Northern California and was seen at Open Door Community Health Center in Crescent City, Del Norte County, California. On or about 10-18-02 during business hours on said date, Dr. Harold Nemetz, who is employed by the Open Door Community Health Center, provided dental service for claimant who had previous

-1-

dental services provided by said facility on 09-05-01 where tooth #15 was extracted. On 10-18-02 Dr. Nemetz diagnosed claimant's tooth #2 with a vertical fracture. A consent form was signed to extract #2. Claimant, within a short period of time, was experiencing extensive pain in the same area and confronted Dr. Nemetz as to whether or not he had extracted the wrong tooth. Dr. Nemetz <u>denied</u> this allegation and continued to deny same even when being investigated by the State Dental Board. Subsequent visits to two dental offices could not confirm that a wrong tooth had been extracted due to lack of dental records. Both Dentists confirmed that the #2 tooth was still in place and was vertically fractured.

## II.

### Issue Before This Court

Did the continuing fraudulent concealment by Defendant Dr. Harold Nemetz as to negligent dental services rendered by him on behalf of Plaintiff Stephen Mitchell through and after June 17, 2006, toll the three year statute for commencement of the instant action?

## III.

### Memorandum of Points and Authorities

### Legal Argument

In the case before this court Plaintiff Stephen Mitchell immediately attempted to bring the alleged wrong doing to the attention of Defendant Dr. Harold Nemetz by contacting his office personally on several occasions.

This action was followed up by letters to Defendant Nemetz which fell on deaf ears. Plaintiff sought the services of two (2) different dentist offices to verify his complaints which said dental offices were unable to confirm his allegations.

On August 17, 2005 within the three (3) year period since the alleged wrong doing occurred, Plaintiff sought the assistance of the Dental Board of California to investigate this matter. Their investigation was not completed until on or about June 27, 2006, which produced a finding that Defendant Harold Nemetz had in fact extracted a non-defective tooth and left the cracked tooth in place.

At no time prior to June 27, 2006 had Plaintiff any facts which supported his claim that the wrong tooth had been extracted. The continuing conduct of Defendant Dr. Harold Nemetz in concealing his negligent action through the entire investigation process tolled the time for filing of said action to June 27, 2009.

California Code of Civil Procedure § 340.5 provides in part as follows:

"In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person...."

For the purposes of this section:

(1) "Health care provider" means any person licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and Professions Code, or licensed pursuant to the Osteopathic Initiative Act, or the Chiropractic Initiative Act, or licensed pursuant to Chapter 2.5 (commencing with Section 1440) of Division 2 of the Health and Safety Code; and any clinic, health dispensary, or health facility, licensed pursuant to Division 2 (commencing with Section 1200) of the Health and Safety Code. "Health care provider" includes the legal representatives of a health care provider;

(2) "Professional negligence" means a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital.

The purpose of the statute requiring presentation of claims against a governmental entity (Gov C § 911.2) is to give the entity notice and an opportunity to investigate and settle meritorious claims without litigation. The purpose of former Gov. Code § 912 (see now Gov C 946.6) was to relieve persons who were under a disability or excusably neglectful from strict

compliance with the notice requirement. <u>Viles v. State</u> (1967) 66 C2d, P2nd 818, 1967 Cal Lexis 279.

The legislative intent in the provisions relating to filing of late claims against public entities (Gov C §§ 911.6, 946.6 sub c) was to alleviate the harshness of strict compliance with the claims presentation period for minors, disabled persons, and persons excusable neglectful. <u>Segal v. Southern Cal. Rapid Transit Dist.</u> (1970) 12 CA 3d 509.

The Statute of Limitations under the FTCA is clear and provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail, of the notice of the final denial of the claim by the agency to which it was presented.
> 28 U.S.C. § 2401 (b).

In the instant case, the cause of action did not accrue until June 27, 2006. Plaintiff filed his action on October 4, 2007, within the two year statutory period.

### III.

### Conclusion

Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

Dated: February 12, 2008

FERMAN W. SIMS,

# PROOF OF SERVICE

I, **JEAN F. KOLL hereby** declare that I am over the age of eighteen (18) years, and not a party to this action. My business address is 519 "H" Street; Crescent City, CA 95531.

On 11-13-2007 I served a true copy of the following document(s) in the manner described below:

**Opposition to Motion to Dismiss**

[ x ] **BY MAIL:** I am readily familiar with the practice of this business for collection and processing of documents for mailing with the United States Postal Service. Documents so collected and processed are placed in collection and deposited with the United States Postal Service that same day in the ordinary course of business. The above-referenced document(s) were placed in (a) sealed envelope(s) was (were) placed for collection and deposit with the United States Postal Service on the date listed below at Crescent City, California.

[ ] **PERSONAL SERVICE:** By personally delivering a true copy thereof to the person and at the address set forth below:

[ ] **FACSIMILE:** By faxing to the person(s) and fax number set forth below:

[ x ] **ELECTRONIC FILING:** The above and foregoing document(s) were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Melissa K. Brown
United States Attorney
Chief, Civil Division
450 Golden Gate Avenue, Box 36055
San Francisco, Ca. 94102
Email: Melissa.k.brown@usdoj.gov

Office of the Attorney General
441 4th Street NW, Suite 1060 N
Washington, DC 20001

Frances Greenleaf
Janssen, Mallory, Needham, Morrison, Reinholtsen & Crowley, LLP
P.O. Drawer 1288
Eureka, Ca. 95501

United States Attorney General
Department of Justice
Attention: Michael B. Mukasey
950 Pennsylvania Avenue, NW
Washington DC 20530-0001

Executed on 11-13-07 at Crescent City, California. I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jean F. Koll
JEAN F. KOLL