JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    Facsimile:  (415) 436-6748
    E-mail:    melissa.k.brown@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>DR. HAROLD NEMETZ, OPEN DOOR COMMUNITY HEALTH CENTER, U.S. DEPARTMENT OF HEATH & HUMAN SERVICES and DOES 1-20 inclusive<br><br>    Defendant. | No. C 07-5112 CW<br><br>**FEDERAL DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: March 6, 2008<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br>Honorable Claudia Wilken |

## INTRODUCTION

In this simple tort action against the Defendant United States ("Defendant"), the alleged tortious conduct took place over five years ago. The claim is clearly barred by the two-year statute of limitations provided in the Federal Tort Claims Act ("FTCA") and therefore, should be dismissed with prejudice.

The pertinent facts are straightforward. On October 18, 2002, Plaintiff Stephen Mitchell ("Plaintiff") visited the Open Door Community Health Centers Inc. to have a tooth extracted by Dr. Harold Nemetz ("Dr. Nemetz"). He signed a consent form for the removal of tooth No. 2. Plaintiff claims, however, that tooth No. 2 was not removed on October 18, 2002. And, a few days later, on or about October 25, 2002, Plaintiff received x-rays from another dentist Dr. Mojgan Arshi ("Dr. Arshi") that revealed that tooth No. 2 was still in place. Yet, Plaintiff did

not file a claim against Dr. Nemetz. Subsequently, on or before September 14, 2004, Plaintiff visited another dentist Dr. Wendell Row, who also confirmed that tooth No. 2 was intact. Dr. Row went further than merely informing plaintiff that his tooth was intact, he also provided Plaintiff with an estimate of costs related to the alleged injury. At this point, Plaintiff was represented by counsel, but he did not file a claim. Surprisingly, Plaintiff waited until February 2, 2007, before he filed a claim.

Plaintiff's *sole* explanation for his delay is that when confronted about the error, Dr. Nemetz denied removing the wrong tooth. Plaintiff claims that in spite of receiving two second opinions and x-rays substantiating his claim (i.e., the wrong tooth was removed) that Dr. Nemetz's verbal denial fraudulently concealed his claim for years.[1] Plaintiff's explanation is incredible and not supported by the law. Indeed, Plaintiff's Opposition lacks of any case citations or applicable statutes that support his position.

It is undisputed that no later than September 14, 2004, both Plaintiff and his counsel knew of his injury and its cause. Plaintiff, however, waited several years to file his claim; it is now time-barred and should be dismissed with prejudice. Plaintiff cannot rely on the theory of fraudulent concealment to save his cause of action.

## ARGUMENT

**A. Plaintiff's Claim For Medical Malpractice Accrued No Later Than September 14, 2004.**

Under the FTCA, a claim for medical malpractice "accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." Landreth v. United States, 850 F.2d 532, 533 (9th Cir. 1988) (affirming dismissal of plaintiff's claim as time-barred). A "plaintiff need not be aware that an actionable claim exists as long as [he] is aware of the injury and its probable cause." Id. Moreover, as the Supreme Court has observed, where a plaintiff is aware of the fact that he has been hurt he is no longer at the

---

[1] In fact plaintiff claims that it was not until the Dental Board of California investigated his allegations that Dr. Nemetz removed the wrong tooth that his claim was revealed. Notably, the Dental Board relied on the same information that Plaintiff had in his possession on or about October 25, 2002 - his x-rays. See Defendant's Motion to Dismiss ("MTD") at 3-4. Plaintiff simply cannot excuse his delay.

FEDERAL DEFENDANT'S REPLY ISO MOTION TO DISMISS CASE NO. C 07-5112 CW
2

"mercy" of the doctor who allegedly inflicted the injury, but at that point "[t]here are others who can tell him if he has been wronged, and he need only ask. If he does ask and if the defendant has failed to live up to minimum standards of medical proficiency, the odds are that a competent doctor will so inform the plaintiff." Kubrick v. United States, 444 U.S. 111, 122 (1979).[2]

Here, Plaintiff was not only aware of his injury, but admits that he consulted two dentists and both dentists confirmed that tooth No. 2 was still in place. Opposition at 2. Because Plaintiff consented to the removal of tooth No. 2 once he was made aware that it was still in his mouth he should have known of his possible claim. And in fact, Plaintiff engaged legal counsel to pursue his claim. It is clear based upon correspondence from Plaintiff's counsel that Plaintiff had this information supporting his claim no later than September 14, 2004. MTD at 4. Accordingly, Plaintiff's claim accrued no later than September 14, 2004, and the two-year statute of limitations began to run from that date at the latest. Therefore, Plaintiff's February 2, 2007 claim with the Department of Health and Human Services was untimely and this action is time-barred.

### B. Plaintiff Cannot Rely on Fraudulent Concealment to Toll the FTCA's Two-Year Statute of Limitations Because Both He and His Counsel Knew of His Injury and its Cause No Later Than September 14, 2004.

Plaintiff cannot rely on the equitable tolling of fraudulent concealment to save his claim for several reasons. As an initial matter, it is well-settled that equitable tolling is rarely used against the government. Zavala v. United States, 876 F.2d 780, 783 (9th Cir. 1989)(stating, "Courts rarely invoke equitable tolling in suites against the federal government . . . ")(internal citations omitted); see also Kumpf v. Secretary of Army, Civ No. 95-3050 MMC, 1996 WL 432330 at *3 fn. 4 (N.D. Cal. July 30, 1996) (same).

1. No Fraudulent Concealment Where Plaintiff Believes He Has A Claim In Spite Of Fraudulent Statements.

Plaintiff has not and cannot establish fraudulent concealment. To establish fraudulent

---

[2] Courts routinely recognize that once a patient has a consulted another doctor who identifies his injury and his cause the statute of limitations begins to run whether or not patient knows the injury was negligently inflicted. See e.g., Herrera-Diaz v. United States, 845 F.2d. 1534, 1535 (9th Cir. 1988) (affirming dismissal finding claim began to accrue when another doctor identified injury); Outman v. United States, 890 F.2d 1050, 1052 (9th Cir. 1989); Trupei v. United States, Civ. No. 503CV100OC10GRJ, 2005 WL 2372159 *4 (M.D. Fla. Sept. 27, 2005).

concealment a plaintiff must: 1) plead with particularity the circumstances surrounding the concealment and state facts showing diligence in trying to uncover the facts; and 2) show affirmative conduct by the defendant which would have led a reasonable person to believe that he did not have a claim for relief. Kumpf 1996 WL 432330 at *3-4.  Assuming *arguendo* that Plaintiff meets the first prong of this test, Plaintiff's own allegations and undisputed evidence show that he cannot meet the second prong of this test.[3]

In Kumpf, for example, the court found that the plaintiffs could not show fraudulent concealment because they could not establish the second prong of the test because they clearly believed they had a claim as evidenced by their consultation with an attorney, even though the attorney did not accept the case. Id. at *4.  As a result, the court found that the statute of limitations began to run at a date no later than when the plaintiffs consulted the attorney. Id.(dismissing, FTCA claim pursuant to Fed. R. Civ. P. 12(b)(1) because claim was untimely).

Similarly, Plaintiff not only consulted but retained an attorney by September 14, 2004. MTD at 4.  In fact, by September 14, 2004, Plaintiff believed that he had a cause of action, as reflected by correspondence from his attorney. Id. Additionally, in light of the information available to plaintiff as of September 14, 2004, (consultations with other dentists and x-rays) a reasonable person would not have believed that he did not have a claim even when faced with Dr. Nemetz's verbal denial.[4]  It simply was not reasonable for Plaintiff to rely on a statement made by Dr. Nemetz in view of the information he had in his possession, and it appears from the September 14, 2004 letter that he did not. By September 14, 2004, Plaintiff believed that he had a claim.

---

[3] The Defendant does not waive the right to challenge the particularity of Plaintiff's allegations. Indeed, the allegations in the complaint are vaguely stated so as to obscure the dates on which plaintiff obtained actual knowledge of his claim. Nor, does the complaint include the alleged fraudulent statements made by Dr. Nemetz, but rather asserts that Dr. Nemetz denied plaintiff's allegation. Complaint at ¶ 7.

[4] Plaintiff has provided no evidence in his opposition to show that Dr. Nemetz made any statements after September 14, 2004 that actually resulted in concealing his cause of action. Moreover, armed with his x-rays, which reflect the fact that tooth No. 2 had not been removed by Dr. Nemetz, it is difficult to see how plaintiff could allege facts that would support his claim.

2. <u>Tolling Of The Statute Of Limitations Due To Fraudulent Concealment Ends When The Truth Is Revealed</u>.

Moreover, fraudulent concealment only tolls the statute of limitations until the truth is revealed. <u>Cole v. Kelley</u>, 438 F. Supp. 129, 139 (C.D. Cal. 1977) (stating, "the tolling of the statute of limitations by fraudulent concealment ends when the plaintiff acquires knowledge, or could acquire it by the exercise of due diligence, that he may have a potential claim.").

Here, Plaintiff could have discovered that he had a potential claim as early as October 25, 2002 had he exercised due diligence. As discussed in the opening brief, on or about October 25, 2002, Plaintiff had his postoperative x-rays, which would have revealed his alleged injury. Reviewing his x-rays, would have evinced the fact that tooth No. 3 instead of tooth No. 2 had been removed. MTD at 4.

Moreover, in his Opposition, Plaintiff admits that he consulted with two other dentists both of whom confirmed that tooth No. 2 was still intact. Opposition at 2. Plaintiff's consultations with these dentists and the fact that he was in possession of these postoperative and preoperative x-rays defeats any claim of fraudulent concealment. Rather, the evidence shows that Plaintiff had actual knowledge of his injury on or before September 14, 2004. MTD at 4. Plaintiff does not deny this fact or controvert this evidence. Accordingly, the truth about his injury was revealed to Plaintiff no later than September 14, 2004.

Any alleged fraudulent concealment ended no later than September 14, 2004, when Plaintiff had actual knowledge of his injury, its cause, and believed that he had a claim. This date is well outside of the FTCA's two-year statute of limitations; therefore, Plaintiff's claim is time-barred and should be dismissed with prejudice.

**C. The Court Does Not Have Subject-Matter Jurisdiction Over Plaintiff's Claim Because It Is Untimely.**

As the party seeking to invoke jurisdiction of the court, Plaintiff has the burden to establish subject-matter jurisdiction over his claim. <u>Kumpf</u>, 1996 WL 432330 at *2 (granting motion to dismiss under Rule 12(b)(1) with prejudice where plaintiff's FTCA claim as untimely). Because Plaintiff has failed to show that his claim is timely, he has failed to meet that burden.

FEDERAL DEFENDANT'S REPLY ISO MOTION TO DISMISS CASE NO. C 07-5112 CW
5

As discussed above Plaintiff knew of his claim no later than September 14, 2004, he had two years from that date to file a claim; he failed to do so.

       1.    <u>Plaintiff's Claim is Governed By The Two-Year Statute Of Limitations Provided in the FTCA</u>.

Plaintiff relies on the three year statute of limitations provided by California Code of Civil Procedure § 340.5 to support his claim. Opposition at 3. Plaintiff's reliance on that statute is misplaced because that statute is not applicable to his claim. Section 2401(b) of the FTCA provides a two-year statute of limitations for all claims brought under the FTCA.[5] The FTCA provides the exclusive remedy for claims of medical malpractice against the government. <u>Kumpf</u>, 1996 WL 432330 at *2. Here, both Dr. Nemetz and the Open Door Community Health Centers, Inc. are covered by the Federally Supported Health Centers Assistant Act, as a result all claims against them sounding in tort are governed by the FTCA.[6] Accordingly, Plaintiff's claim is governed by the two-year statute of limitations provided in the FTCA and not California Code of Civil Procedure § 340.5. <u>Landreth v. United States</u>, 850 F.2d 532, 535 (9th Cir. 1988).

Plaintiff did not file his claim until February 2, 2007 several years after he suffered his alleged injury on October 18, 2002 and more than two years after he and his counsel had actual knowledge of his injury and its suspected cause as shown in September 14, 2004 correspondence. MTD at 4. Plaintiff's failure to comply with the statute of limitations is a

---

[5]The statute of limitations under the FTCA is clear and provides:

A tort claim against the United States **shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues** or unless action is begun within six months after the date of mailing by certified or registered mail, of the notice of the final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b) (emphasis added).

[6]Specifically, Plaintiff alleges that Dr. Harold Nemetz committed malpractice by removing the wrong tooth. Dr. Nemetz, is an employee of the Open Door Community Health Centers, Inc., which is a federally deemed health center under the Federally Supported Health Centers Assistant Act ("FSHCAA"). 42 U.S.C. § 233 (g)-(n). Pursuant to the FSHCAA, a deemed health center and its employees are covered under the FTCA for alleged acts of negligence while acting within the course and scope of their employment. Plaintiff alleges that Dr. Nemetz was acting within the course and scope of his employment.

jurisdictional defect, which divests the court of subject-matter jurisdiction. <u>Zavala v. United States</u>, 876 F.2d 780, 782 (9th Cir. 1989) (stating, "Failure to file a timely [FTCA] claim is a jurisdictional defect." citing <u>Landreth</u> *supra*).

   2. <u>Plaintiff Has Provided No Evidence To Support The Existence Of Subject-Matter Jurisdiction And His Allegations Show That Jurisdiction Is Not Proper.</u>

  Plaintiff has offered no evidence to controvert the declaration submitted in support of Defendant's opening brief.  When a challenge to subject-matter jurisdiction is made as a speaking motion, a court may consider extrinsic evidence such as affidavits to resolve a factual dispute regarding subject-matter jurisdiction. <u>Mayes v. Fujimoto</u>, 181 F.R.D. 453, 455 (D. Hawaii 1998) (emphasis added). <u>Id</u>. (stating, "the consideration of such evidence does not convert a motion to dismiss into one for summary judgment nor does it go to the merit of the claim."). Moreover, "[w]here a motion to dismiss is a 'speaking motion' *no presumptive truthfulness attaches to plaintiff's allegations*, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject-matter jurisdiction." <u>Id</u>. (emphasis added). Plaintiff's Opposition is devoid of any evidence or even proffers of fact that could support his claim. Indeed, the undisputed evidence shows that Plaintiff's claim is time-barred.

## **CONCLUSION**

  Plaintiff's claim is untimely.[7]   Here, the Plaintiff had several years to file his claim, but he did not.  Plaintiff has not by his complaint or Opposition, alleged facts or provided evidence

//

---

[7] "As the Supreme Court has observed, statutes of limitations represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free from stale claims comes to prevail over the right to prosecute them.'...[T]hey protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence..." <u>Kumpf</u>, 1996 WL 432330 at *2 (citing, <u>United States v. Kubrick</u>, 444 U.S. 111, 117 (1979)).

1 | to justify his delay. Accordingly, his complaint should be dismissed with prejudice.

3 | DATED: February 21, 2008

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney
/s/

_____
MELISSA K. BROWN
Assistant United States Attorney

FEDERAL DEFENDANT'S REPLY ISO MOTION TO DISMISS CASE NO. C 07-5112 CW

8