FERMAN W. SIMS, ESQ. (CSBN 038696)
519 "H" Street
Crescent City, California 95531
Telephone: (707) 465-5555
Fax: (707) 465-4454
Email: simscalaw@yahoo.com

Attorney for Plaintiff

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    Facsimile:  (415) 436-6748
    E-mail:    melissa.k.brown@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN MITCHELL, ) | No. C 07-5112 CW |
| ) | |
| Plaintiff, ) | |
| ) | **JOINT CASE MANAGEMENT** |
| v. ) | **STATEMENT** |
| ) | |
| DR. HAROLD NEMETZ, OPEN DOOR ) | Date: March 4, 2008 |
| COMMUNITY HEALTH CENTER, U.S. ) | Time: 2:00 p.m. |
| DEPARTMENT OF HEATH & HUMAN ) | Location: Courtroom #2, 4th Floor |
| SERVICES and DOES 1-20 inclusive ) |     Honorable Claudia Wilken |
| ) | |
| Defendant. | |

    The parties jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this action.

    **1. Jurisdiction and Service:** Service has been completed.

    The Federal Defendant contests this Court's jurisdiction over plaintiff's causes of action arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et.seq.* because the plaintiff's claim is time-barred by the statute of limitations provided in the FTCA at 28 U.S.C. § 2401(b).

JOINT CASE MANAGEMENT STATEMENT Case No. C 07-5112 CW

**2. Facts:**

On October 18, 2002, Plaintiff Stephen Mitchell ("Plaintiff") visited the Open Door Community Health Centers Inc. to have a tooth extracted by Dr. Harold Nemetz ("Dr. Nemetz"). He signed a consent form for the removal of tooth No. 2. Plaintiff claims, however, that tooth No. 2 was not removed on October 18, 2002. Specifically, Plaintiff alleges that Dr. Harold Nemetz committed malpractice by removing the wrong tooth. Dr. Nemetz, is an employee of the Open Door Community Health Centers, Inc., which is a federally deemed health center under the Federally Supported Health Centers Assistant Act ("FSHCAA"). 42 U.S.C. § 233 (g)-(n). Pursuant to the FSHCAA, a deemed health center and its employees are covered under the FTCA for alleged acts of negligence while acting within the course and scope of their employment. Plaintiff alleges that Dr. Nemetz was acting within the course and scope of his employment. Plaintiff alleges that Dr. Nemetz fraudulently concealed his claim until June 27, 2006 when the Dental Board of California determined that Dr. Nemetz did not remove tooth No. 2. Plaintiff alleges that he filed his claim with the Department of Health and Human Services on January 22, 2007.

The Federal Defendant contends that Plaintiff's claim is time-barred because Plaintiff knew or should have known of his injury as early as October 25, 2002 and no later than September 14, 2004 based upon the following additional facts. A few days later, on or about October 25, 2002, Plaintiff received post-operative x-rays from a dentist, Dr. Mojgan Arshi ("Dr. Arshi"). It is believed that these x-rays that revealed that tooth No. 2 was still in place. Yet, Plaintiff did not file a claim against Dr. Nemetz. Subsequently, on or before September 14, 2004, Plaintiff visited another dentist Dr. Wendell Row, who also confirmed that tooth No. 2 was intact. Dr. Row also provided Plaintiff with an estimate of costs related to the alleged injury and corrective procedures. Plaintiff's counsel summarized Dr. Row's conclusions in correspondence to Dr. Row; that correspondence was forwarded to the Open Door Community Health Centers, Inc. on or about October 7, 2004. Plaintiff did not file his claim with the Department of Health and Human Services until February 2, 2007.

Plaintiff contends that said filing was within the two year statutory period after the action accrued on June 27, 2006. Plaintiff is informed and believes and thereon alleges that neither Dr. Arshi nor Dr. Row would opine that Dr. Nemetz was either negligent or not negligent based upon

JOINT CASE MANAGEMENT STATEMENT Case No. C 07-5112 CW

their limited examination. Additionally, a deposition of Dr. Nemetz is necessary to ascertain if the tooth he removed had cracks and was defective, which is not disclosed in any report.

**3. Legal Issues:**

    A.     Whether Plaintiff's claim is barred by the Statute of Limitations provided in the FTCA at 28 U.S.C. § 2401(b).

    B.     If Plaintiff's claim is not time-barred whether Dr. Nemetz was negligent.

    C.     The amount, if any, of Plaintiff's alleged damages in this action.

**4. Motions:** The Federal Defendant has filed a motion to dismiss in this action; that motion is currently pending before this Court. If this case proceeds, the Federal Defendant may file a motion for summary judgment after discovery in this case.

**5. Amendment of Pleadings:** The Parties do not anticipate any amendments.

**6. Evidence Preservation:** Defendant is taking, and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Defendant is presently aware of no document destruction programs that would apply in this case.

**7. Disclosures:** The parties will meet and confer about a date for initial disclosures.

**8. Discovery:** The Parties do not request any departure from the discovery rules set forth in the Federal Rules of Civil Procedure and the Civil Local Rules, including the 25-interrogatory limit under Rule 33 and the 10-deposition limit under Rule 30.

The plaintiff reserves the right to designate experts should a need arise after completing fact discovery. At this time, the Plaintiff anticipates taking discovery on the following subjects: all of the allegations in Plaintiff's complaint, Plaintiff's claimed injuries, and Plaintiff's claim for damages. To that end, the Plaintiff may propound interrogatories, requests for admission, and requests for production of documents, and anticipates deposing any witnesses the Defendant may identify in its initial disclosures. The Plaintiff anticipates that he will need approximately four (4) months to complete fact discovery and one(1) month to complete expert discovery if it becomes necessary.

At this time, the Defendant anticipates taking discovery on the following subjects: all of the allegations in Plaintiff's complaint, Plaintiff's claimed injuries, and Plaintiff's claim for damages. To that end, the Defendant may propound interrogatories, requests for admission, and requests for production of documents, and anticipates deposing any witnesses plaintiff may

JOINT CASE MANAGEMENT STATEMENT Case No. C 07-5112 CW

identify in his initial disclosures.  Additionally, to the extent plaintiff seeks damages for any physical, mental or emotional distress, defendant will request that she submit to an independent medical examination.  The defendant reserves the right to designate experts should such need arise after completing fact discovery. Defendant anticipates she will need approximately four (4) months to complete discovery and one (1)  month to complete expert discovery if it becomes necessary.

**9. Class Actions:** Not applicable.

**10.  Related Cases:** Counsel are not aware of any related cases.

**11. Relief:** Plaintiff general and special damages according to proof and costs. Defendant seeks no damages in this action, other than dismissal and costs.

**12. Settlement and ADR:** The parties agree that this case may be appropriate for court appointed mediation.

**13. Consent to Magistrate Judge For All Purposes:** The Plaintiff does consent to a magistrate judge in Humboldt county which will place court proceedings nearer to where the action arose, for convenience of the witnesses and parties to this action.  On an earlier unrelated case, in which counsel for Plaintiff was involved the magistrate judge was assigned to said case in Humboldt county.

The defendant does not consent to a magistrate judge for any purpose.

**14. Other References:** Not applicable.

**15. Narrowing of Issues:** Defendant believes that a motion for summary judgment may completely resolve or narrow the issues in this case if it proceeds beyond the motion to dismiss.

**16. Expedited Schedule:** This case is not appropriate for an expedited schedule.

**17. Scheduling:**

Proposed fact discovery cut-off: June 16, 2008

Proposed cut-off for initial expert reports: July 18, 2008.

Proposed expert discovery cut-off: August 22, 2008.

Proposed dispositive motion hearing cut-off: October 31, 2008.

Proposed pretrial conference date: December 5, 2008.

Proposed trial dates: January 14, 2009.

It should be noted that counsel for Defendant is not available for trial on July 14, 2008,

JOINT CASE MANAGEMENT STATEMENT Case No. C 07-5112 CW

September 29, 2008, October 20, 2008, or April 20, 2008 because of trials in other matters. Nor is counsel for Defendant available for trial the during August 2, 2008 through August 12, 2008 because counsel will be out of the country.

It should also be noted that counsel for Plaintiff will be on a pre-scheduled vacation from August 30, 2008 through September 26, 2008 outside the State of California.

**18. Trial:** The parties anticipate that trial will last approximately two days.

**19. Disclosure of Non-Party Interested Entities or Persons:** The disclosure requirement in Civil L. R. 3-16 does not apply to governmental entities. Plaintiff asserts there are no other non-party interested entities or persons.

**20. Other Matters:** None.

DATED: February 26, 2008

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney
          /s
_____
MELISSA K. BROWN
Assistant United States Attorney
          /s

Dated: February 26, 2008

_____
FERMAN W. SIMS
Attorney for Plaintiff

JOINT CASE MANAGEMENT STATEMENT Case No. C 07-5112 CW