1  **FERMAN W. SIMS, ESQ.**
   (CSB #038696)
2  519 "H" Street
   Crescent City, CA 95531
3  Telephone: (707) 465-5555
   Fax:(707) 465-4454
4  Email: simscalaw@yahoo.com
   Attorney for Plaintiff: Stephen Mitchell
5

6

7

8            **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10               **SAN FRANCISCO DIVISION**

11

12  STEPHEN MITCHELL,                    **CASE NO. C 07-5112 CW**

13                 Plaintiff,

14       vs.                             **DECLARATION OF STEPHEN**

15                                       **MITCHELL IN SUPPORT OF**

16  DR. HAROLD NEMETZ, OPEN DOOR         **APPLICATION FOR LEAVE TO FILE**

17  COMMUNITY HEALTH CENTER, U.S.        **MOTION FOR RECONSIDERATION**

18  DEPARTMENT OF HEALTH & HUMAN

19  SERVICES, and DOES 1-20 inclusive,

20                 Defendants.

21  _____

22

23       I, STEPHEN MITCHELL declare:

24  1.  I am the plaintiff in the above-captioned matter and the facts set forth herein are of

25      my own personal knowledge or stated on information and belief, which I believe to

26      be true.

27  2.  My attorney met with me in his office to discuss defendant's motion to dismiss and provided

28      me with copies of said pleading.  I was informed that a request would be made to the court to

                                    -1-

1    appear telephonically. I was also advised that I could be present for the hearing but was not

2    to talk during said hearing unless asked to speak by the court.

3    3.  I was informed orally and in writing that I could be present for said hearing. I informed my

4    attorney that I would not attend in that driving to his office and sitting for any lengthy time

5    causes pain and discomfort as I am 100% disabled through Social Security.

6    4.  Immediately after the Court hearing I was informed by telephone from Mr. Sims that the

7    court granted the motion to dismiss. I was also advised once his office received the court

8    Order, his secretary would call to schedule an appointment to discuss this matter with me.

9    5.  I met with Mr. Sims the following week. He reviewed the court procedure and arguments

10    presented. I informed Mr. Sims that in my opinion Dr. Nemetz and Dr. Row had conspired

11    and delayed in filing the action by intentionally not producing medical records. Mr. Sims

12    questioned my reasoning for making said statement.

13    6.  I then informed Mr. Sims that I personally contacted Dr. Nemetz's office on at least three (3)

14    occasions, the first occasion shortly after my dental appointment after he extracted my tooth

15    and spoke to Dr. Nemetz personally by telephone. At that time I told him that I was of the

16    opinion he removed the wrong tooth, which he denied. He offered to pull the tooth that I was

17    complaining of and Dr. Nemetz was informed "I rather give my dog a pair of pliers and let

18    him have a crack at it". I contacted his office on two other occasions in person and spoke

19    with office staff requesting my dental records. I told the staff that I had a right to receive a

20    copy of my dental records at that time.

21    7.  I was referred to Dr. Arshi by Mr. Sims, she gave me an examination and referred to Dr. Row

22    for a vertical fracture tooth extraction. During my first visit with Dr. Row he never

23    mentioned that he knew Dr. Nemetz. He mentioned that he had "heard of him and that he is

24    an excellent dentist". Dr. Row extracted the fractured tooth at that visit. I asked him for a

25    evaluation of the cost involved for a corrective procedure to install a prosthetic device to

26    replace the wrongfully extracted tooth. I was informed at that time approximately

27    $18,000.00 for corrective procedure.

28

Declaration of Stephen Mitchell in Support of Application for Leave to File Motion for Reconsideration

8. I also informed Mr. Sims in this meeting that at a later date when I met with Dr. Row to obtain a written estimate I was informed by him that he personally received referrals from Dr. Nemetz and that I should fire my attorney and settle the case with him. Dr. Row suggested a $12,000.00 estimate for corrective dental procedures which I understood that to mean he would provide his services at less expense. After this discussion with Dr. Row, I never trusted him. I also informed Mr. Sims during this meeting that I requested my dental record from Dr. Row on two occasions and was informed that they were in storage. I never receive my dental records from Dr. Row or Dr. Nemetz as requested by me personally, even though I informed them that I was entitled to a copy of my records.

9. The Dental Board took approximately ten (10) months to provide their report. It is my belief that Dr. Nemetz was not responsive to their request and the ten (10) month period was not delayed that long due to lack of employee staff. They should provide all written requests by them to Dr. Nementz for his records and telephone records, if any, of oral requests made for my dental records from Dr. Nemetz's office.

10. Mr. Sims informed me that he had requested the medical records from both dentists by submitting the Authorization for Release of Medical Records signed by myself at the time he was retained; however, none were ever received from Dr. Nemetz or Dr. Row.

11. The only written official documentation to inform that Dr. Nemetz pulled the wrong tooth was upon receipt of the written letter from the Dental Board dated June 27, 2006, ten (10) months from the date they accepted this assignment.

12. It is my belief that Dr. Row and Dr. Nemetz discussed my case against him and that they both delayed the production of my dental records from both offices to conceal actual recorded documentation of Dr. Nemetz negligent conduct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 21, 2008

STEPHEN MITCHELL