IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MITCHELL, | No. C 07-5112 CW |
|        Plaintiff, | ORDER GRANTING FEDERAL DEFENDANT'S MOTION TO DISMISS |
|   v. | |
| DR. HAROLD NEMETZ, OPEN DOOR COMMUNITY HEALTH CENTER, and U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, | |
|        Defendants. | |

Defendant the United States[1] moves to dismiss the complaint. Plaintiff Stephen Mitchell opposes the motion. The motion was heard on March 6, 2008. As stated at the hearing, the Court GRANTS the motion.[2]

BACKGROUND

Plaintiff claims that on October 18, 2002, he went to the Open Door Community Health Center in Crescent City, California to seek

---

[1] Defendant has filed a certification pursuant to 28 U.S.C. § 2679(d). Therefore, the United States is the only proper Defendant in this action and is substituted in by operation of statute.

[2] Plaintiff recently filed an application to file a motion for reconsideration of the minute order from the March 6, 2008 hearing, including the Court's ruling on this motion. The Court has reviewed the application and the supporting declaration and finds that it does not provide grounds to permit the filing of a motion for reconsideration. See Civil Local Rule 7-9. Therefore, the Court DENIES Plaintiff's application (Docket No. 28).

treatment for a painful tooth.  Open Door Community Health Center is a federally deemed health center under the Federally Supported Health Centers Assistance Act.  See 42 U.S.C. § 233 (g)-(n).  Plaintiff alleges Dr. Harold Nemetz examined and diagnosed him with a vertical fracture to tooth #2.  Plaintiff claims that he signed a consent form for the removal of tooth #2, but Dr. Nemetz, working for Open Door, extracted the wrong tooth.

Plaintiff alleges that "within a short period of time, [he] was experiencing extensive pain in the same area and confronted Dr. Nemetz as to whether or not he extracted the wrong tooth."  Complaint ¶ 7.  Plaintiff further alleges that Dr. Nemetz denied extracting the wrong tooth.  According to Plaintiff, "[s]ubsequent visits to two dental offices could not confirm that a wrong tooth had been extracted due to lack of dental records" but that "[b]oth Dentists confirmed that the #2 tooth was still in place and was vertically fractured."  Id.

Plaintiff claims "damages for loss of a non-damaged tooth, the costs for removal of the non-damaged tooth, additional dental procedures to insert two (2) posts and a bridge for corrective purposes, pain and suffering."  Id. at ¶ 17.

On January 22, 2007, Plaintiff submitted a claim for damage to the Department of Health and Human Services based on Dr. Nemetz's actions.  Id. at 12 and Ex. A.  After his administrative claim was denied, Plaintiff filed this complaint on October 4, 2007.

## DISCUSSION

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim.  Fed. R. Civ.

1  P. 12(b)(1). A Rule 12(b)(1) motion may either attack the
2  sufficiency of the pleadings to establish federal jurisdiction, or
3  allege an actual lack of jurisdiction which exists despite the formal
4  sufficiency of the complaint. See Thornhill Publishing Co., Inc. v.
5  General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979);
6  Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). The
7  Court may consider matters outside the pleadings, but must accept as
8  true all material allegations of the complaint and construe the
9  complaint in favor of the plaintiff. See Fed. R. Civ. P. 12.
10     The United States, "as sovereign, 'is immune from suit save as
11  it consents to be sued . . . and the terms of its consent to be sued
12  in any court define that court's jurisdiction to entertain the
13  suit.'" United States v. Testan, 424 U.S. 392, 399 (1976) (quoting
14  United States v. Sherwood, 312 U.S. 584, 586 (1941)). The exclusive
15  statute under which the federal government may be sued for personal
16  injuries is the Federal Tort Claims Act (FTCA), which waives the
17  sovereign immunity of the United States for certain torts committed
18  by federal employees acting within the scope of their employment.
19  See FDIC v. Meyer, 510 U.S. 471, 475-76 (1994). The act covers
20  damages actions "for injury or loss of property, or personal injury
21  or death caused by the negligent or wrongful act or omission" by such
22  employees. See 28 U.S.C. § 1346(b).
23     In United States v. Kubrick, the Supreme Court noted that
24  compliance with the statute of limitations is a condition of the
25  government's waiver under the FTCA. 444 U.S. 111, 117-18 (1979).
26  Therefore, failure to file a timely FTCA claim is a jurisdictional
27  defect. Zavala v. United States, 876 F.2d 780, 782 (9th Cir. 1989)
28

1  (citing <u>Landreth v. United States</u>, 850 F.2d 532, 533 (9th Cir. 1988),
2  <u>cert. denied</u>, 488 U.S. 1042 (1989)).
3       The FTCA provides,
4       A tort claim against the United States shall be forever
        barred unless it is presented in writing to the
5       appropriate Federal agency within two years after such
        claim accrues or unless action is begun within six months
6       after the date of mailing, by certified or registered
        mail, of notice of final denial of the claim by the agency
7       to which it was presented.
8  28 U.S.C. § 2401(b).  Defendant argues that Plaintiff's claims are
9  time-barred because the administrative complaint was filed more than
10 two years after the claim accrued.
11      "In a medical malpractice case under the FTCA, a claim accrues
12 when the plaintiff discovers, or in the exercise of reasonable
13 diligence should have discovered, the injury and its cause."
14 <u>Landreth</u>, 850 F.2d at 533.  Defendant argues that Plaintiff's claim
15 accrued at the latest on September 14, 2004, citing a letter
16 requesting medical records from Plaintiff's counsel to a dentist
17 named Dr. Row.  That letter states that Plaintiff informed counsel
18 "that the purpose of his visit to Dr. Nimitz [sic] was to [have] a
19 fractured tooth removed.  He informs us that the wrong tooth was
20 removed in error at that visit."  Peters Decl., Ex. B.  The letter
21 goes on to state, "It is our understanding that a fractured tooth was
22 removed surgically in your office.  Also, that additional dental work
23 has been diagnosed which may require three separate procedures."  <u>Id.</u>
24      This letter establishes that Plaintiff had actual knowledge of
25 the alleged injury by September 14, 2004.  Therefore, the latest date
26 on which he could have filed a timely claim was September 14, 2006.
27 Plaintiff did not file a claim with the Department of Health and
28                                    4

Human Services until January 22, 2007.

Plaintiff's claim that the statute of limitations should be tolled because Dr. Nemetz fraudulently concealed his negligent act is unavailing. To toll the statute of limitations on a theory of fraudulent concealment, a plaintiff "must plead facts showing that [the defendant] affirmatively misled it, and that [the plaintiff] had neither actual nor constructive knowledge of the facts giving rise to its claim despite its diligence in trying to uncover those facts." Conmar Corp. v. Mitsui & Co., 858 F.2d 499, 502 (9th Cir. 1988). Plaintiff had actual knowledge of the facts giving rise to his claim more than two years before he filed his claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED (Docket No. 15). Because amendment would be futile, the dismissal is with prejudice. The Clerk shall enter judgment in favor of Defendant and close the file. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 4/2/08

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE